[NOT FOR PUBLICATION NOT TO BE CITED AS PRECEDENT]
 United States Court of Appeals
 For the First Circuit

No. 98-1521

 UNITED STATES,

 Appellee,

 v.

 JESUS MARTINEZ,

 Defendant, Appellant.

 APPEAL FROM THE UNITED STATES DISTRICT COURT

 FOR THE DISTRICT OF RHODE ISLAND

 [Hon. Mary M. Lisi, U.S. District Judge]

 Before

 Boudin, Stahl and Lynch,
 Circuit Judges.

 Michael J. Lepizzera, Jr. on brief for appellant.
 Margaret E. Curran, United States Attorney, Donald C. Lockhart 
and Zechariah Chafee, Assistant United States Attorneys, on brief
for appellee.

February 25, 2000

 Per Curiam. Jesus Martinez appeals from his sentence
on two grounds: 1) that the district court erred in finding, on
the basis of the government's evidence, that the substance
involved in his offense was "crack," as that term is defined by
the sentencing guidelines, and 2) that the district court erred
in denying defendant's request for a downward departure,
pursuant to U.S.S.G. 4A1.3, from the career-offender
guideline sentencing range.
 I. Proof that Contraband was "Crack"
 To meet its burden of proving that the substance
involved in Martinez' offense was "crack," as that term is
defined by the sentencing guidelines, the government introduced
a toxicology report identifying the substance as cocaine base
and testimony by a narcotics investigator with the Providence
Police Department's Special Investigations Bureau, identifying
it as crack. Martinez' argument on appeal that the
government's evidence was insufficient is foreclosed by this
court's recent decisions rejecting similar challenges. See
United States v. Ferreras, 192 F.3d 5, 189 (1st Cir. 1999),
cert. denied, U.S. , 120 S. Ct. 969 (2000); United States
v. Martinez, 144 F.3d 189,190 (1st Cir. 1998); United States v.
Robinson, 144 F.3d 104, 109 (1st Cir. 1998).
 II. Denial of Downward Departure
 The government argues that the district court's
decision not to depart from the career-offender guideline
sentencing range was a discretionary decision and, as such, is
not reviewable. We agree. See United States v. Rizzo, 121
F.3d 794, 798 (1st Cir. 1997). The district court expressly
acknowledged its authority to "invoke 4A1.3 to depart
downward from the career-offender category if it concludes that
the category inaccurately reflects the defendant's actual
criminal history within the meaning of 3553(b)." United
States v. Lindia, 82 F.3d 1154, 1165 (1st Cir. 1996). Based
upon a thorough review of the entire record, we conclude that
the denial of Martinez' departure request represented the
district court's discretionary decision that the career-
offender category did not over-represent the seriousness of
Martinez' criminal history.
 Martinez' sentence is affirmed. See Loc. R. 27(c).